In re Theodore A. FIFFY, Debtor.

Theodore A. Fiffy, Appellant,

v.

David M. Nickless, Chapter
7 Trustee, Appellee.

BAP No. MW 02–048.
Bankruptcy No. 02–40536–JBR.

United States Bankruptcy Appellate Panel
of the First Circuit.

May 29, 2003.

Michael B. Feinman, Law Office of Michael B. Feinman, Andover, MD, Stephen P. Shannon, Baltimore, MD, on brief, for Appellant.

David M. Nickless, Nickless and Phillips, Fitchburg, MA, on brief, for Appellee.

Before VOTOLATO, DEASY, and BROWN, U.S. Bankruptcy Appellate Panel Judges.

VOTOLATO, Bankruptcy Judge.

Before the Panel is the debtor's appeal of an order of the United States Bankruptcy Court for the District of Massachusetts sustaining in part and overruling in part the objection of the Chapter 7 Trustee to the Debtor's claimed homestead exemption in four parcels of real estate under Mass. Gen. Laws Ann. ch. 188, § 1. The Debtor asserts, among other things, that the bankruptcy court relied upon facts not in evidence and, therefore, erred in sustaining the Trustee's objection to the Debtor's homestead exemption with respect to one of the parcels claimed as exempt. For the reasons outlined below, we vacate the August 6, 2002 order and remand the case to the bankruptcy court for further proceedings consistent with this opinion.

### STATEMENT OF FACTS [1]

On June 17, 1982, the Debtor and his former wife acquired by a single deed

---

1. The facts set forth in this section were stipulated to by the parties in their June 2, 2002 Agreed Statement of Facts and July 16, 2002 Supplemental Agreed Statement of Facts.

three contiguous parcels of real estate located in Westminster, Massachusetts, designated as Lots 1, 2 and 3 (collectively, the "Residential Lots"). *See* Agreed Statement of Facts at ¶ 2. On June 2, 1988, the Debtor and his former wife acquired a fourth contiguous parcel of land, designated as "Lot A," by a separate deed. Lot A is vacant wooded land, has no frontage on any street, is located immediately behind the Residential Lots, and contains approximately 11.7 acres. *See id.* at ¶ 7. The lot plan prepared at the time of the sale notes that Lot A is "[n]ot a separate building lot." *See id.* The Debtor's residence and outbuildings are located on Lots 1 and 2, *see id.* at ¶ 9, and his driveway traverses upon Lot 3. *See* Supplemental Agreed Statement of Facts at ¶ 1. The entire site, with the exception of the land that is cleared immediately around the residence, is wooded and may include wetlands. *See* Agreed Statement of Facts at ¶ 13. The Debtor does not grow crops on the land, use it as pasture land, or use it for business purposes. *See id.*

On March 15, 2001, the Debtor and his former wife were divorced and all four lots were conveyed by one·deed to the Debtor solely in his name. Also on March 15, 2001, the Debtor filed a Declaration of Homestead with respect to the four contiguous lots (collectively, the "Property").

## BACKGROUND AND PROCEDURAL HISTORY

The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code,[2] and on Schedule C—Property Claimed as Exempt, the Debtor elected to claim exemptions under Massachusetts law, including a $150,000 homestead exemption, and scheduled the Property as having a combined value of $400,000. The Trustee objected on the ground that the said exemption was limited to the one parcel upon which the Debtor's house was located.[3]

At the May 2, 2002 non-evidentiary hearing, the bankruptcy court directed the parties to file an agreed statement of facts and exhibits, and on June 3, 2002, they complied, setting forth thirteen paragraphs of agreed material facts, but indicating that two facts remained in dispute and requesting an evidentiary hearing. The bankruptcy court then scheduled the matter for an evidentiary hearing on July 29, 2002. On July 11, 2002, the Trustee filed an Assented to Motion to Continue Evidentiary Hearing,[4] and on July 14,

---

**2.** Unless otherwise indicated, all references to the "Bankruptcy Code" or the "Code" and all references to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, *et seq.*

**3.** When he filed his objection, the Trustee believed that the Debtor's residence was located solely on Lot 1 and, therefore, that only Lot 1 qualified for the homestead exemption. However, the parties subsequently stipulated that the Debtor's residence actually straddles Lots 1 and 2 (*see* Agreed Statement of Facts at ¶ 9) and that the driveway traverses upon Lot 3 (*see* Supplemental Agreed Statement of Facts at ¶ 1), leaving only Lot A in dispute.

**4.** As grounds for the Motion to Continue Evidentiary Hearing, the Trustee asserted that he

would be on vacation on the hearing date, and that the parties intended to file a supplemental agreed statement of facts "eliminating any dispute of material facts which the parties believe they have, thus obviating the need for an evidentiary hearing." *See* App. at Tab 5. On appeal, the Debtor argues that he never agreed that the supplemental agreed statement of facts would obviate the need for an evidentiary hearing, nor did he waive his right to introduce facts concerning his use of Lot A. The Debtor also raised this issue in his Motion for Reconsideration, stating:

At no point in time, either prior or subsequent to the filing of any [sic] of the First Statement or the Second Statement, did the Debtor indicate that the Debtor was waiving his right to an evidentiary hearing re-

2002, the bankruptcy court granted the motion and rescheduled the evidentiary hearing for August 15, 2002. On July 16, 2002, the parties filed a Supplemental Agreed Statement of Facts resolving the two disputed factual issues.

On August 6, 2002, without conducting an evidentiary hearing and without prior notice to the parties, the bankruptcy court entered an Order and accompanying Memorandum of Decision sustaining the Trustee's objection to the Debtor's claimed exemption as to Lot A, and denying the Trustee's objection as to the Residential Lots. On August 13, 2002, the Debtor filed a Motion for Reconsideration of the August 6, 2002 Order, arguing that the bankruptcy court's decision was based upon facts not in evidence. Without a hearing, the bankruptcy court denied the Motion for Reconsideration, and the Debtor timely filed a Notice of Appeal of the Order Denying Reconsideration.

### JURISDICTION

■ The Panel has jurisdiction to hear appeals from "final judgments, orders, and decrees" pursuant to 28 U.S.C. § 158(a)(1) or "with leave of the court, from interlocutory orders and decrees" pursuant to 28 U.S.C. § 158(a)(3). *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646. An interlocutory order "'only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (*quoting In re Amer-*

*ican Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)).

■ Generally, an order sustaining an objection to a debtor's claimed exemptions is a final order. *See Howe v. Richardson (In re Howe)*, 232 B.R. 534, 535 (1st Cir. BAP 1999) ("Although other issues may remain for resolution in a case after the determination of the Debtor's claimed exemptions, orders granting or denying exemptions are appealable as final orders."), *aff'd*, 193 F.3d 60 (1st Cir.1999); *see also McNeilly v. Geremia (In re McNeilly)*, 249 B.R. 576, 579 (1st Cir. BAP 2000) (appeal of bankruptcy court's order sustaining trustee's objection to debtor's claimed exemption in tenancy by the entirety property).

### STANDARD OF REVIEW

■ The standard of review in an appeal of a decision of the bankruptcy court is stated in Bankruptcy Rule 8013, which provides:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Fed. R. Bankr.P. 8013. Therefore, appellate courts reviewing an appeal from the bankruptcy court generally apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. Del-*

---

garding the issues of his claimed exemption for a homestead. Specifically, the Court had already scheduled an evidentiary hearing to take place on August 15, 2002, which

hearing was canceled as a result of the entry of the Court's order dated August 6, 2002.

*See* App. at Tab 9, p. 3.

*Bonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20, n. 8 (1st Cir.1994).

■ Generally, a debtor's entitlement to a bankruptcy exemption involves a legal question and is reviewed *de novo. See Howe,* 232 B.R. at 535 (*de novo* review of bankruptcy court's order sustaining objections to debtor's exemptions where no factual issues were disputed on appeal); *McNeilly,* 249 B.R. at 579 (*de novo* review of bankruptcy court's order sustaining trustee's objection to debtor's claimed exemption where facts were not in dispute). In the instant case, however, the determination of the Debtor's claimed homestead exemption turned on a factual rather than a legal question, i.e. whether the Debtor sufficiently "used" Lot A to warrant its inclusion in the homestead exemption. Therefore, we must consider whether the bankruptcy court's findings of fact as to the Debtor's "use" of Lot A (or lack thereof) were clearly erroneous.

The clearly erroneous standard requires this Panel to give great deference to the bankruptcy court as the trier of fact. Under this standard, a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *See Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Cabral v. Shamban (In re Cabral),* 285 B.R. 563, 571 (1st Cir. BAP 2002); *Gray v. Travelers Ins. Co. (In re Neponset River Paper Co.),* 231 B.R. 829, 830 (1st Cir. BAP 1999). If the trial court's account of the evidence is plausible in light of the record reviewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as a trier

of fact. *Anderson,* 470 U.S. at 574, 105 S.Ct. 1504.

## *DISCUSSION*

■ Section 522 of the Code allows a debtor to exempt certain property from the bankruptcy estate that would otherwise be available for distribution to creditors, and § 522(b) allows debtors to choose between the federal bankruptcy exemptions listed in § 522(d), or the exemptions provided by their state of residence together with those provided by federal, nonbankruptcy law. *See* 11 U.S.C. § 522. If a state has "opted out" of the federal exemption scheme, its resident debtors are restricted to the latter option. Massachusetts permits its debtors to elect between the state and federal exemption alternatives, and in this case the Debtor chose the state exemption scheme and claimed the Massachusetts statutory homestead exemption, which is designed "to 'protect the family home' from enforcement of judgments, to carve out humane protections for a destitute 'owner and his family.' " *Bruin Portfolio, LLC v. Leicht (In re Leicht),* 222 B.R. 670, 679 (1st Cir. BAP 1998). An exemption claim is prima facie valid, absent a timely objection. *McNeilly,* 249 B.R. at 579. Pursuant to Fed. R. Bankr.P. 4003(c), the burden of proving that an exemption is not properly claimed is on the party objecting to the claimed exemption. *See id.*

Whether the Debtor had a valid declaration of homestead on the Property as of the bankruptcy filing, is governed by the Massachusetts statute which provides in pertinent part:

An estate of homestead to the extent of $300,000.00 in the land and buildings may be acquired pursuant to this chapter by an owner or owners ... who *occupy or intend to occupy said home as a principal residence.*

Mass. Gen. Laws Ann. ch. 188, § 1 (emphasis added). Therefore, the validity of a debtor's declaration of homestead under Massachusetts law depends, *inter alia*, on whether the debtor occupied or intended to occupy the property as the principal residence.

 In the present case the parties dispute whether, for purposes of the Massachusetts homestead statute, the entire tract should be viewed as one property, namely a residence with surrounding land used in connection with the residence, or as separate parcels purchased at separate times by separate deeds. Although the Massachusetts homestead statute does not specifically address whether a homestead may include multiple parcels of contiguous real estate, case law establishes that the homestead estate is not automatically limited to the single parcel upon which the principal residence is located. *See In re Edwards*, 281 B.R. 439 (Bankr.D.Mass. 2002) (discussing Massachusetts homestead cases). "Although an owner of property may claim an estate of homestead in only one principal residence, the statute does not directly provide, or indirectly imply, that a principal residence is limited to one parcel." *Id.* at 449. Therefore, Massachusetts law does not proscribe a homestead exemption simply because the property consists of separately-deeded parcels, nor does it require partition of property included in the homestead simply because a part of the claimed homestead is vacant land. *See id.* Rather, it requires that the additional parcel(s) actually be *used and occupied* as part of the principal residence or in connection with the principal residence. *See id.* at 447 (emphasis added).

> [W]here the property claimed as a homestead consists of two parcels, the courts ... look at the *use* of the second parcel because the Massachusetts homestead statute does not prohibit the principal residence of a debtor from consisting of several separate parcels of land; rather it requires that the second parcel or additional parcels actually be *used and occupied* as part of the principal residence, or in connection with the principal residence.

*Id.* (citations omitted) (emphasis added). In determining whether a debtor uses and occupies or intends to occupy property for purposes of Massachusetts homestead law, courts must look at the facts and circumstances of each case. *See id.* at 447, 449.

 In the present case, the bankruptcy court concluded that the Debtor properly claimed a homestead exemption in the Residential Lots (Lots 1–3) because the Debtor's principal residence, outbuildings and driveway are physically situated on such lots and, therefore, are encompassed within the definition of "land and buildings ... occup[ied] ... as a principal residence" set forth in the homestead statute. *See* Mem. of Decision at 4. That finding is not at issue in this appeal. Rather, the Debtor appeals the bankruptcy court's finding that Lot A, the vacant, wooded, contiguous tract of land located behind the Residential Lots, was not part of the Debtor's homestead.

In its Memorandum of Decision, the bankruptcy court concluded that the Debtor was not entitled to include Lot A in the homestead exemption because the property was not used in connection with his principal residence. *Id.* at 7. The bankruptcy court found that Lot A "is *not used in any fashion whatsoever* in connection with the Debtor's residence; it is simply a large wooded area that may or may not be subdividable." *Id.* In reaching this conclusion, the bankruptcy court made specific findings that "the Debtor does not grow crops on the land, use it as pasture land, *use it for recreation purposes*, nor for any

business purpose." *Id.* at 3 (emphasis added).

In his Motion for Reconsideration and again on appeal, the Debtor argues that the bankruptcy court erroneously concluded that Lot A is "not used in any fashion whatsoever" and that Lot A is not used "for recreational purposes," as those findings were not based upon any evidence in the record. We agree. The parties clearly stipulated that the Debtor does not grow crops on the land, use it as pasture land or use it for any business purposes in their Agreed Statement of Facts, and the bankruptcy court was justified in relying upon those stipulated facts. There is, however, no evidence in the record to support the bankruptcy court's additional finding that the Debtor did not use Lot A for recreational purposes. The parties did not stipulate or agree to that fact, and there is no evidence to support such a finding.

Moreover, although the bankruptcy court stated the standard to be one of "actual use" of the property, upon our review of the record it does not appear that the bankruptcy court conducted a fact specific inquiry into the nature and use, or the intended use, of Lot A. The Debtor argued below and on appeal that he does utilize Lot A for personal purposes and to maintain privacy of his personal residence, that he maintains personal hiking trails, a picnic table, and a boat ramp on Lot A, and that he grows Christmas trees and maintains landscaping materials for all his properties on Lot A. *See* Appellant's Brief at 4. However, because the bankruptcy court did not conduct an evidentiary hearing on the issue, or otherwise develop the record, the Debtor was not afforded the opportunity to present any evidence to support his claimed use of Lot A. Whether the "uses" asserted by the Debtor are sufficient to meet the standard of actual or intended use for purposes of the homestead statute remains to be seen. However, the bankruptcy court's finding, without developing a record on this issue, that the Debtor made "no use" of Lot A was clearly erroneous.

### CONCLUSION

The bankruptcy court's determination, without conducting an evidentiary hearing or otherwise developing the record on the issue, that the Debtor was not entitled to include Lot A in the homestead exemption because he did not use Lot A "in any fashion whatsoever" in connection with his principal residence was erroneous. Accordingly, we vacate the order sustaining the Trustee's objection to the Debtor's claimed homestead exemption as to Lot A, and remand the matter for an evidentiary hearing on his use or intended use of Lot A.

### JUDGMENT

This cause came to be heard from the United States Bankruptcy Court for the District of Massachusetts.

Upon consideration whereof, and in accordance with the Opinion entered on May 29, 2003, it is now hereby **ORDERED AND ADJUDGED** that the bankruptcy court's order sustaining the Trustee's objection to the Debtor's claimed homestead exemption as to Lot A is hereby **VACATED**, and the matter is **REMANDED** for an evidentiary hearing on the Debtor's use or intended use of Lot A..