In re Brian P. HILDEBRANDT,
Debtor.

Brian P. Hildebrandt, Appellant,

v.

Joseph B. Collins, Chapter
7 Trustee, Appellee.

BAP No. MW 04–043.
Bankruptcy No. 03–44401–HJB.

United States Bankruptcy Appellate Panel
for the First Circuit.

Feb. 2, 2005.

Steven R. Weiner, Esq., Springfield, MA, on brief for Appellant.

Joseph B. Collins, Esq., on brief for Appellee.

Before DE JESÚS, VAUGHN and CARLO, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

The debtor, Brian P. Hildebrandt (the "Debtor"), appeals from the bankruptcy court's August 20, 2004 order sustaining the Chapter 7 Trustee's objection to the Debtor's claim of homestead exemption in real property under Mass. Gen. Laws ch. 188, § 1. The issue on appeal is whether a homestead survives a conveyance by deed from tenants in common to one of those tenants as a sole owner, absent a reservation of the homestead under Mass. Gen. Laws ch. 188, § 7. We AFFIRM the bankruptcy court's decision.

### BACKGROUND

In 2000, the Debtor and a friend, Ann Renaud ("Renaud"), purchased real estate located in Southwick, Massachusetts (the "Property") as tenants in common, and recorded a deed in the Hampden County Registry of Deeds. *See* App. at 17–18. Thereafter, the Debtor recorded a Declaration of Homestead for the Property pursuant to Mass. Gen. Laws ch. 188, § 1.[1]

---

1. Mass. Gen. Laws ch 188, § 1 provides in pertinent part:

An estate of homestead to the extent of $300,000.00 in the land and buildings may

App. at 19. In 2003, the Debtor and Renaud terminated the tenancy in common by jointly deeding the Property to the Debtor as sole owner. App. at 20–21. The Debtor recorded the new deed on April 1, 2003 ("2003 Deed"), but did not specifically reserve the homestead. *See id.*

On July 28, 2003, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On Schedule "C," the Debtor listed the value of the Property as $206,000 and claimed a $300,000 exemption in the Property under Mass. Gen. Laws ch. 188, § 1. The Trustee objected to the Debtor's claimed exemption, arguing that the conveyance of the Property from the tenancy in common to the Debtor as sole owner under the 2003 Deed terminated the homestead pursuant to Mass. Gen. Laws ch. 188, § 7. App. at 3–13. The Debtor responded that, despite his failure to expressly reserve the homestead under the new deed, the homestead remains in full force and effect because the 2003 Deed did not "convey" the Property away from the Debtor, but rather unified title in the Debtor. App. at 14–22.

The bankruptcy court held a non-evidentiary hearing on the Trustee's objection on February 4, 2004. *See* App. at 23–27. After hearing from the parties, the bankruptcy court took the matter under advisement, ordering the parties to file supplemental briefs. App. at 27. On August 8, 2004, the bankruptcy court entered an order sustaining the Trustee's objection (App. at 28) and contemporaneously entered a Memorandum of Decision (App. at 29–35). The Debtor appealed.

be acquired pursuant to this chapter by an owner or owners ... who occupy or intend to occupy said home as a principal residence.
For the purposes of this chapter, an owner of a home shall include a sole owner, joint

*JURISDICTION*

■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An interlocutory order " 'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (quoting *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998).

■ Generally, an order sustaining an objection to a debtor's claimed exemptions is a final order. *See Fiffy v. Nickless (In re Fiffy)*, 293 B.R. 550, 553 (1st Cir. BAP 2003); *Howe v. Richardson (In re Howe)*, 232 B.R. 534, 535 (1st Cir. BAP 1999) ("Although other issues may remain for resolution in a case after the determination of the Debtor's claimed exemptions, orders granting or denying exemptions are appealable as final orders."), *aff'd*, 193 F.3d 60 (1st Cir.1999); *see also McNeilly v. Geremia (In re McNeilly)*, 249 B.R. 576,

tenant, tenant by the entirety or tenant in common
. . . .
Mass. Gen. Laws Ann. ch. 188, § 1.

579 (1st Cir. BAP 2000) (appeal of bankruptcy court's order sustaining trustee's objection to debtor's claimed exemption in tenancy by the entirety property).

### STANDARD OF REVIEW

██ Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20, n. 8 (1st Cir. 1994). Generally, a debtor's entitlement to a bankruptcy exemption involves a legal question and is reviewed *de novo*. *See Howe*, 232 B.R. at 535 (*de novo* review of bankruptcy court's order sustaining objections to debtor's exemptions where no factual issues were disputed on appeal); *McNeilly*, 249 B.R. at 579 (*de novo* review of bankruptcy court's order sustaining trustee's objection to debtor's claimed exemption where facts were not in dispute).

### DISCUSSION

Section 522 of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate that would otherwise be available for distribution to creditors, and § 522(b) allows debtors to choose between the federal bankruptcy exemptions listed in § 522(d), or the exemptions provided by their state of residence together with those provided by federal, nonbankruptcy law. *See* 11 U.S.C. § 522. If a state has "opted out" of the federal exemption scheme, its resident debtors are restricted to the latter option. Massachusetts permits its debtors to elect between the state and federal exemption alternatives, and in this case the Debtor chose the state exemption scheme and claimed the Massachusetts statutory homestead exemption, which is designed "to 'protect the family home' from enforcement of judgments, to carve out humane protections for a destitute 'owner and his family.'" *Bruin Portfolio, LLC v. Leicht (In re Leicht)*, 222 B.R. 670, 679 (1st Cir. BAP 1998) (citation omitted).

██ An exemption claim is prima facie valid, absent a timely objection. *McNeilly*, 249 B.R. at 579. Pursuant to Fed. R. Bankr.P. 4003(c), the burden of proving that an exemption is not properly claimed is on the party objecting to the claimed exemption. *See id.* Whether a debtor has a valid declaration of homestead on real property as of the bankruptcy filing is governed by Massachusetts law. *See Fiffy*, 293 B.R. at 554. In this case, the parties do not contend that the Debtor's homestead was acquired improperly or was otherwise invalid at the time it was recorded in 2000. Rather, the Debtor disputes the bankruptcy court's conclusion that the 2003 Deed terminated the homestead so that there was no valid declaration of homestead as of the petition date.

In Massachusetts, there are three ways to terminate an estate of homestead. The first two of these are found in the statute itself, which provides as follows:

An estate of homestead created under section two may be terminated during the lifetime of the owner by either of the following methods:

(1) a deed conveying the property in which an estate of homestead exists, signed by the owner and owner's spouse, if any, which does not specifically reserve said estate of homestead; or by (2) a release of the estate of homestead, duly signed, sealed and acknowledged by the owner and the owner's spouse, if any, and recorded in the registry of deeds for the county or district in which the property is located.

Mass. Gen. Laws ch. 188, § 7 (2003). A homestead can also be terminated by "the acquisition of a new estate or claim of homestead." *In re Webber,* 278 B.R. 294, 294 n. 4 (Bankr.D.Mass.2002).

In the present case, the Trustee claims that the homestead was terminated pursuant to § 7(1) of the statute since the Property was conveyed from the tenancy in common to the Debtor as sole owner under the 2003 Deed without a specific reservation of the homestead. The Debtor does not dispute that he did not specifically reserve the homestead. Rather, he argues that the 2003 Deed did not constitute a "conveyance" of the Property, but simply unified title in the Debtor and, therefore, the homestead remains in full force and effect.

■ As this is a matter of first impression in Massachusetts, we are required to rule as we believe the highest state court would rule. *See In re Miller,* 113 B.R. 98, 101 (Bankr.D.Mass.1990); *see also Garran v. SMS Fin. V, LLC (In re Garran),* 338 F.3d 1, 6 (1st Cir.2003) (recognizing that where Massachusetts courts have not yet addressed an issue, the court must predict how the Massachusetts Supreme Judicial Court would interpret the statute); *Caron v. Farmington Nat'l Bank (In re Caron),* 82 F.3d 7, 9 (1st Cir.1996) (holding that a federal court must decide an issue regarding the interpretation of a state law according to its anticipation of how the highest state court would hold); *In re Desroches,* 314 B.R. 19 (Bankr.D.Mass.2004) (citing *Miller,* 113 B.R. at 101). Accordingly, we must examine the language of the homestead statute and decisions of the Massachusetts Supreme Judicial Court interpreting that statute to predict what the Supreme Judicial Court would do if confronted with the issue.

■ Homestead laws are "designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors." *Dwyer v. Cempellin,* 424 Mass. 26, 673 N.E.2d 863, 866 (1996). Accordingly, Massachusetts courts generally construe the state homestead exemptions liberally in favor of debtors. *See id.; see also Shamban v. Masidlover,* 429 Mass. 50, 705 N.E.2d 1136, 1138 (1999). Nevertheless, liberal construction does not mean that courts can extend the protection of the homestead exemptions when doing so would contradict the "plain and unambiguous" language of the statute. *See Garran* 338 F.3d at 6 (citing *Shamban,* 705 N.E.2d at 1139). Therefore, we must look at the plain language of the controlling statute.

■ The relevant subsection of the statute provides that an estate of homestead may be terminated by "a deed conveying the property in which an estate of homestead exists, signed by the owner and the owner's spouse, if any, which does not specifically reserve said estate of homestead." Mass. Gen. Laws ch. 188, § 7(1). Accordingly, two conditions must be met for an effective termination under this section: (1) the "conveyance" of property in which a homestead exists, and (2) the absence of a reservation of the homestead. *See id.* It is undisputed that the second condition is met. The remaining question is whether the Property was "conveyed" for purposes of the statute. A conveyance is defined as: "to transfer or deliver (something such as a right or property) to another, esp. by deed or other writing; esp., to perform an act that is intended to create one or more property interests, regardless of whether the act is actually effective to create those interests." Black's Law Dictionary 357 (8th ed.2004). Further, a conveyance is defined as "including every payment of money, assign-

ment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or encumbrance." *In re Messia*, 184 B.R. 176 (Bankr.D.Mass.1995) (citing Mass. Gen. Laws ch. 109A, § 1); *see also Boston Trading Group, Inc. v. Burnazos*, 835 F.2d 1504 (1st Cir.1987) (same).

Under the plain language of the statute, the 2003 Deed was a "transfer" of title from the Debtor and Renaud jointly to the Debtor alone. The Debtor, however, asks us to interpret the plain language liberally, arguing that the 2003 Deed was not a transfer "to another" since it did not pass title *from* him, but passed title from the tenancy in common *to* him as sole owner. Unfortunately for the Debtor, there is nothing in the language of the statute which compels the conclusion that the term "conveyance" is used ambiguously. The 2003 Deed transferred the ownership interest in the Property from an undivided fractional interest, *see Nemet v. Boston Water & Sewer Comm'n*, 56 Mass.App.Ct. 104, 775 N.E.2d 750 (2002) (co-owners of real property, whether tenants in common or joint tenants, have separate undivided interests in the land), to the sole ownership. Accordingly, the entire estate was, in effect, conveyed. Thus, the bankruptcy court, following the plain language of the statute, correctly concluded that the 2003 Deed operated as a "conveyance" of real estate and that, absent a specific reservation, the estate of homestead terminated.

The Debtor also argues there should be no termination of the homestead since "the Debtor did not evince an intention to terminate the homestead" in the 2003 Deed. *See* Debtor's Brief at 5. The Debtor relies on the recent unpublished case of *In re Melber*, 315 B.R. 181 (Bankr.D.Mass.2004). In *Melber*, the bankruptcy court considered whether the debtors had a valid homestead where the husband, as the original owner of the property, conveyed the property to himself and his wife as tenants by the entirety during the marriage, without obtaining his wife's signature and without reserving an estate of homestead in the deed. In determining how the Supreme Judicial Court would decide the issue, the bankruptcy court looked at the plain language of § 7, which imposes two conditions for an effective termination of the homestead where spouses are involved, namely the signature of the owner *and his spouse* on the deed, and the absence of a reservation of the estate. The bankruptcy court found that the plain language of the statute compelled the conclusion that, where two spouses are protected under a homestead declaration, *both* spouses must sign the deed conveying the property in order to effectuate a termination within the meaning of § 7, even where one spouse had no interest in the property at the time it was conveyed. In reaching this conclusion, the bankruptcy court noted:

> In the instant case, Linda Perry–Melber failed to sign the deed or a release of the homestead, and there was no reservation of the homestead. There was, however, no conveyance to a third party and thus no manifestation of an intention to abandon the homestead. On the contrary, the inference is plain that Charles Melber was seeking to expand the protections afforded his spouse by conveying the Property to himself and to her as tenants by the entirety while simultaneously preserving the existing homestead.

*Melber*, 315 B.R. at 189.

The Debtor argues that this logic is applicable to the present case because there is no manifestation of an intention to abandon the homestead or the Property. The Debtor's reliance on the *Melber* case is misplaced, however, as its logic is based upon the unique protections afforded spouses who own property as tenants by

the entirety, such as the requirement that an owner's spouse sign the deed. The bankruptcy court in *Melber* strictly interpreted the statute to require an owner's spouse's signature on a deed in order to release her homestead rights. The Massachusetts statute does not require any specific words of release or specific manifestation of intent to release a homestead, *see Atlantic Sav. Bank v. Metropolitan Bank & Trust Co.*, 9 Mass.App.Ct. 286, 400 N.E.2d 1290, 1291–92 (1980), and the holding of *Melber* cannot be interpreted to compel such a manifestation of intent in this instance.

### CONCLUSION

Accordingly, the bankruptcy court's August 20, 2004 order sustaining the Chapter 7 Trustee's objection to the Debtor's claimed homestead exemption is hereby **AFFIRMED**.