Nicole D. GORDON, Debtor.

Nicole D. Gordon, Appellant,

v.

Denise Pappalardo, Chapter
13 Trustee, Appellee.

BAP No. MW 12–060.
Bankruptcy No. 11–44524–HJB.

United States Bankruptcy Appellate Panel
of the First Circuit.

March 13, 2013.

Logan A. Weinkauf, Esq., and Richard D. Smeloff, Esq., Quincy, MA, on brief, for Appellant.

Denise M. Pappalardo, Esq., and Joanne Zoto Psilos, Esq., on brief, for Appellee.

Before HAINES, TESTER, and GODOY, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Nicole D. Gordon appeals from the bankruptcy court's order sustaining the chapter 13 trustee's objection to her claimed exemption in a remainder interest in certain real estate. For the reasons set forth below, we **AFFIRM.**

### BACKGROUND

When Gordon filed for chapter 13 relief, she scheduled a one-quarter remainder interest in Massachusetts real estate subject to a life estate held by her mother. She claimed her remainder as exempt under Mass. Gen. Laws ch. 188, § 1 (the "Homestead Statute"). The trustee objected to Gordon's claimed exemption, arguing that: (1) the holder of a remainder interest was not an "owner" within the meaning of the Homestead Statute; and (2) Gordon did not intend to occupy the property as her principal residence, as required by that statute. Gordon initially defended her claim on both counts, but the matter was finally determined against her on the ground that she did not qualify as an "owner" under the statute.[1]

After argument and briefing, the court sustained the objection. It stated:

> The SJC's analysis and reasoning in *Boyle* [*v. Weiss*, 461 Mass. 519, 962 N.E.2d 169 (Mass.2012)] provide every indication that the SJC would ... find that, under the current version of the Massachusetts Homestead Statute, holders of remainder interests are not entitled to claim the exemption because a holder of a remainder interest is not among the types of enumerated "owners" under the statute. Accordingly, the Court must conclude that the Debtor cannot claim an exemption in the Property, as the Remainder Interest held by the Debtor is insufficient to qualify her as an "owner" under the Massachusetts Homestead Statute.

Gordon appeals, arguing that the bankruptcy court erred in concluding that her interest does not come within the meaning of "owner" as defined by the Homestead Statute. She asserts that a 2011 amendment of the Homestead Statute, which added holders of life estates and beneficial interests to the definition of "owner," evidences the legislature's intent to include the holders of remainder interests within the statute's purview, as neither remainder interests nor beneficial interests in a trust are present possessory interests in property. Characterizing her remainder interest as equivalent to that of a beneficiary under a "poor man's trust," she maintains that affirmance of the bankruptcy court's deci-

---

1. The trustee also objected to confirmation of Gordon's chapter 13 plan. The objection was sustained, and Gordon appealed. Issues an-ent confirmation are not before us, as we previously dismissed that portion of the appeal as interlocutory.

sion would force "consumers to engage estate planning attorneys, at the cost of thousands of dollars, to create trusts" so that their interests might obtain protection under the Homestead Statute. Lastly, Gordon urges the Panel to follow *In re Kimble,* 344 B.R. 546 (Bankr.S.D.Ohio 2006), and *In re Rasmussen,* 456 B.R. 1 (E.D.N.Y.2011), which held that the homestead statutes of Ohio and New York, respectively, protected a debtor's remainder interest in real property.

### JURISDICTION

■ Before proceeding to the merits of an appeal, we must determine that we have jurisdiction. *Boylan v. George E. Bumpus, Jr. Constr. Co., Inc. (In re George E. Bumpus, Jr. Constr. Co., Inc.),* 226 B.R. 724, 725 (1st Cir. BAP 1998) (citation and internal quotations omitted). A panel may hear appeals from "final judgments, orders, and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). "An order sustaining an objection to exemption is a reviewable final order." *Massey v. Pappalardo (In re Massey),* 465 B.R. 720, 723 (1st Cir. BAP 2012) (citing *Howe v. Richardson (In re Howe),* 232 B.R. 534 (1st Cir. BAP 1999), *aff'd,* 193 F.3d 60 (1st Cir.1999)).

### STANDARD OF REVIEW

■ A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo. Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.,* 592 F.3d 267, 269 (1st Cir.2010).

The bankruptcy court's judgment rests on its construction and application of the Homestead Statute. The facts are not in dispute. Thus, our review is *de novo.*

### DISCUSSION

Under § 522(b), a Massachusetts debtor may exempt property from the bankruptcy estate under one of two alternative exemptions. Gordon elected the exemption afforded by the Homestead Statute, which provides, in relevant part:

> An estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy or intend to occupy the home as a principal residence. The estate of homestead shall be created by a written declaration executed and recorded in accordance with section 5.

Mass. Gen. Laws ch. 188, § 3(a).[2] Subsection 1 of the statute defines "owner" as a "natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust." Mass. Gen. Laws ch. 188, § 1.

■ The only issue before us is whether Gordon qualifies as an "owner" under the statute. "Whether a debtor has a valid declaration of homestead on real property as of the bankruptcy filing is governed by Massachusetts law." *Hildebrandt v. Collins (In re Hildebrandt),* 320 B.R. 40, 43 (1st Cir. BAP 2005). Because this state's highest court has yet to decide this precise issue, "we must predict, as best we can," how it would rule. *Gourdin v. Agin (In re Gourdin),* 431 B.R. 885, 893 n. 12 (1st Cir. BAP 2010) (internal quotations and citations omitted).

---

**2.** Gordon recorded a declaration of homestead in September 2011, one month prior to filing.

■ Although the Supreme Judicial Court has stated that "exemption laws, such as homestead provisions, should be liberally construed to comport with their beneficent spirit....," *Dwyer v. Cempellin*, 424 Mass. 26, 673 N.E.2d 863, 866 (1996) (citation omitted), it has also warned against "stretch[ing] that principle in a manner that fundamentally ignores the words of the statute." *Boyle*, 962 N.E.2d at 174 n. 12. "[W]here the statutory language is clear, the courts must impart to the language its plain and ordinary meaning." *Commonwealth v. One 1987 Mercury Cougar Auto.*, 413 Mass. 534, 600 N.E.2d 571, 573 (1992) (citation omitted). "The Massachusetts Homestead Statute is no exception to that rule." *In re Gray*, 378 B.R. 728, 732 (Bankr.D.Mass.2007).

■ In *Boyle*, the Supreme Judicial Court held that the holder of a beneficial interest in a real estate trust was not entitled to claim a homestead exemption in that interest because the then-operative definition of a qualified "owner" did not include a real estate trust beneficiary.[3] The current version of the statute does not support Gordon's claim any more than its earlier iteration did. The statute acknowledges life estates, and expressly provides that a life tenant may claim the exemption. But it does not extend its benefits to remaindermen.

■ Given the Supreme Judicial Court's adherence to the statute's definition of "owner" (and that definition's limits), *Boyle*, 962 N.E.2d at 172, we cannot imagine the court would conclude that the holder of a remainder interest was entitled to the exemption, because such an interest

falls outside the statute's terms. "If the Legislature intentionally omits language from a statute, no court can supply it." *Doe v. Superintendent of Schs. of Worcester*, 421 Mass. 117, 653 N.E.2d 1088, 1095 (1995) (citations omitted).

Gordon's suggestion that we should follow cases addressing the scope of other states' exemption laws is misguided. She elected the Massachusetts exemption. Its scope is defined by Massachusetts law. The operation of other states' statutes, which vary in their terms and in their historical application, is beside the point. And Gordon's general invocation of "public policy" wilts in the glare of the Homestead Statute's explicit terms. If the definition of an "owner" entitled to claim the exemption is to be expanded, it is a matter for the legislature, not the courts.

The Homestead Statute requires that the party claiming the exemption be an "owner" and that he or she "occupy or intend to occupy" the claimed homestead. Mass. Gen. Laws ch. 188, § 3(a). Because Gordon cannot satisfy the first element, we need say no more.

### CONCLUSION

The bankruptcy court's order sustaining the trustee's objection to Gordon's exemption claim is **AFFIRMED**.

---

**3.** Section 1 of the 2004 version of the Homestead Statute defined "owner" as "a sole owner, joint tenant, tenant by the entirety or tenant in common." *Boyle*, 962 N.E.2d at 172. Although, by the time the case reached the *Boyle* court, the statute had been amended

to include the holder of a beneficial interest in a real estate trust as a qualified "owner," the court concluded the amendment was substantive and, therefore, would not be given retroactive effect. *Id.* at 173–74.