38 Mass. App. Ct. 655                                    655

Assistant Recorder of the North Registry Dist. of Bristol County *v.* Spinelli.

ASSISTANT RECORDER OF THE NORTH REGISTRY DISTRICT
OF BRISTOL COUNTY *vs.* LYDIA SPINELLI, individually and
as trustee.[1]

No. 94-P-1197.

Suffolk. April 7, 1995. - June 23, 1995.

Present: ARMSTRONG, BROWN, & JACOBS, JJ.

*Real Property*, Certificate of title, Homestead. *Land Court*, Registration
  proceedings, Recorder. *Words*, "Person in interest."

An assistant recorder of the Land Court was a proper party to petition
  that court to correct, pursuant to G. L. c. 185, § 114, a certificate of
  title that contained an error. [656-658]
The homestead statute, G. L. c. 59, § 5, makes no provision for property
  held in trust for the benefit of a settlor who made the property the
  settlor's principal residence: a judge of the Land Court correctly ex-
  punged from a certificate of title a declaration of homestead in the
  property that the settlor had recorded. [658-660]

CIVIL ACTION commenced in the Land Court Department
on December 29, 1993.

The case was heard by *Peter W. Kilborn*, J., on a motion
to dismiss.

*Barry K. LaCasse* for the respondent.

*Irene L. Guild*, Assistant Attorney General, for the
petitioner.

BROWN, J. Lydia Spinelli appeals from a judgment en-
tered against her in the Land Court allowing the assistant
recorder's petition to expunge from a certificate of title a
declaration of homestead[2] that Spinelli had executed and re-

---

[1]Of the Lydia Spinelli Investment Trust.

[2]"An estate of homestead 'is a provision by the humanity of the law for
a residence for the owner and his family,' *Bates* v. *Bates*, 97 Mass. 392,
395 (1867), free from attachment or levy on execution by creditors up to
the amount allowed by law." *Ladd* v. *Swanson*, 24 Mass. App. Ct. 644,

corded. The declaration of homestead covered registered land held by Spinelli as trustee of the Lydia Spinelli Investment Trust (the investment trust)[3] and occupied by Spinelli as her principal residence.

Spinelli raises two arguments on appeal. First, she maintains that the assistant recorder lacks standing to petition the court for the amendment of the certificate of title. Second, she argues that she is entitled to the protection afforded by the homestead statute since she is the legal owner of the property as trustee of the investment trust and because she occupies the property as her principal residence. For the reasons set forth below, we affirm.

In *New York Life Ins. Co.* v. *Embassy Realty Co.*, 293 Mass. 352 (1936), the court construed § 60 of G. L. c. 185, which requires that notice be given to "all parties in interest" prior to certain Land Court proceedings.[4] The court there held that the assistant recorder was a party in interest. *Id.* at 354 ("notice to any party in interest *including* the assistant recorder" [emphasis supplied]). The court further noted that the Land Court had the "inherent power to correct and amend" a certificate of title. *Id.* at 355-356. This was so even though the court found that § 60 did not apply, *id.* at 354, and that it need not resolve certain questions raised by the parties under G. L. c. 185, § 114. *Id.* at 355. Spinelli's argument that the assistant recorder does not have the power to petition the court to amend a certificate of title that contains an error recognized by the assistant recorder is unpersuasive.

---

646 (1987). See also Cherrick, The Homestead Act: An Important Law to Protect the Family But a Law in Need of Reform, 65 Mass. L. Rev. 175 (1980).

[3]The investment trust is a nominee trust. The sole beneficiary of the investment trust is the Lydia Spinelli Living Trust. Spinelli is the sole trustee and principal beneficiary of the living trust during her lifetime.

[4]Under G. L. c. 185, § 60, "[i]f the assistant recorder is in doubt upon any question, or if any party in interest does not agree as to the proper memorandum to be made in pursuance of any deed, mortgage or other voluntary instrument presented for registration, the question shall be referred to the court for decision . . . and the court, after notice to all parties and a hearing, shall enter an order prescribing the form of memorandum to the assistant recorder . . . ."

All acts of an assistant recorder are done under the ultimate direction or standing order of the Land Court. See *Fitzgerald* v. *Register of Deeds, S. Dist., Middlesex Registry of Deeds*, 348 Mass. 690, 693 (1965). The court, and the assistant recorders, have a vital interest in maintaining the integrity of their records and in correcting errors made when documents have been accepted for registration.

Spinelli makes the argument that, having failed to take advantage of the provisions of G. L. c. 185, § 60, the assistant recorder may not now seek to amend the certificate of title under G. L. c. 185, § 114. Section 60 makes no provision for amending a certificate once it is recorded. Section 114 provides that no amendment may be made other than through the order of the court. Once an error has been made, then, § 114 is the only available statutory mechanism for correcting the certificate of title.

Under G. L. c. 185, § 114, as amended by St. 1981, c. 658, § 40, "[n]o erasure, alteration or amendment shall be made upon the registration book after the entry of a certificate of title or of a memorandum thereon and the attestation of the same by the recorder or an assistant recorder, except by order of the court. A registered owner or other person in interest may apply by motion to the court upon the ground that . . . any error or omission was made in entering a certificate or any memorandum thereon, or on any duplicate certificate . . . and the court may hear and determine the motion after notice to all parties in interest . . . ." In *St. George's Ebenezer Primitive Methodist Church of Methuen* v. *Primitive Methodist Church of the United States of America, Eastern Conference*, 315 Mass. 202, 205 (1943), the Supreme Judicial Court considered G. L. c. 185, § 114, and the meaning of a "person in interest" and concluded that "a person in 'interest' must be one who has a proprietary, pecuniary or some other right or interest in the land itself, as distinguished from a claim of a personal nature against the owner of the land." *Id.* at 205. Spinelli maintains that the assistant recorder has no pecuniary or proprietary right in the land in question and thus does not fall within the scope of persons

658                                 38 Mass. App. Ct. 655

Assistant Recorder of the North Registry Dist. of Bristol County *v.* Spinelli.

afforded standing under § 114 of the statute.[5] This reading of the *St. George's* case is too narrow and ignores the Land Court's interest in maintaining accurate records.

Section 1 of G. L. c. 188, as amended through St. 1992, c. 286, § 239, provides "[a]n estate of homestead . . . may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise[s] by lease or otherwise and who occupy or intend to occupy said home as a principal residence." In an effort to fit within that statutory provision, Spinelli contends that the right to assert a declaration of homestead depends upon the ownership or possession of the residence and does not require that the ownership and possession rest with the same individual. She further maintains that, even if both elements are required under the statute, she qualifies under the statute since (i) she is the legal owner of the property as trustee of the investment trust, and (ii) she is the equitable owner of the property as the beneficiary of the living trust, which in turn is the beneficiary of the investment trust.

The statute refers to "owners." In *Kirby* v. *Assessors of Medford*, 350 Mass. 386 (1966), a case involving a different exemption, the Supreme Judicial Court specifically refused to extend the term "owner" to include equitable owners. The *Kirby* court considered the application of a real estate tax exemption under G. L. c. 59, § 5, to property which the plaintiff had placed in a revocable trust. In all other respects, the plaintiff qualified for the tax exemption. *Id.* at 390. The court recognized that, with a revocable trust, "the power of amendment and revocation makes the beneficial ownership of the trust property, as a practical matter for many purposes, including some tax purposes, essentially equivalent to outright ownership by the settlor." *Id.* at 389. The court held, however, that exemption statutes must be *strictly construed* and thus concluded that qualifying for the exemption required "not only ownership of a sufficient beneficial property

---

[5]The interest of the assistant recorder is certainly "in the land itself" rather than "a claim of a personal nature against the owner of the land," although concededly it is hardly a "proprietary" or "pecuniary" interest.

interest, but also ownership of a record legal interest . . . ."
*Id.* at 391. Cf. *Woodworth* v. *Comstock*, 10 Allen 425
(1865). Similar considerations lead us to provide a similar
strict construction to the instant statute.

Spinelli, implicitly acknowledging the persuasive effect of
*Kirby*, goes on to argue that she meets the requirements set
forth in that case. We think otherwise. Like G. L. c. 59, § 5,
the homestead statute does not provide for the application of
the statute to property held in trust. It contemplates that the
benefits of the statute will extend to the owner and his fam-
ily, if any. See *Ladd* v. *Swanson*, 24 Mass. App. Ct. 644, 646
(1987). The statute makes no provision for property held in
trust for the benefit of a settlor who makes the property his
or her principal residence. In *Thurston* v. *Maddocks*, 6 Allen
427, 428 (1863), the court stated in regard to an earlier
homestead statute that an "estate in which a homestead may
exist is such as is conveyed by deed." In contrast, Spinelli's
interest in the property arises by virtue of her beneficial in-
terests in the trusts. These interests can be transferred with-
out the necessity of any deed.[6]

Spinelli, having elected to place the property in trust, is
not entitled to the protection afforded by a declaration of
homestead, either as trustee of the investment trust or as the
occupant of the property. Her decision to separate legal and
equitable ownership of the property affords her the protec-
tion provided in the investment trust and the living trust, but
it renders her ineligible for the protection afforded by a dec-

---

[6]*Thurston* v. *Maddocks*, 6 Allen at 428, also held, regarding the earlier
version of the homestead statute, that it "does not include such a mere
equitable title as is created by a bond for a deed." That case also provides
an answer to Spinelli's claim that she is entitled to homestead protection
under the language of G. L. c. 188, § 1, because she "posses[es] the pre-
mise[s] by lease or otherwise." That language is not "broad enough to
include . . . equitable title . . . . The object of this clause . . . obviously was
to create a homestead right in a house owned by the occupant, but stand-
ing on leased land; so that the house should be exempted from attachment
though it was subject to removal, and though there was no homestead
right in the land." 6 Allen at 428.

laration of homestead.[7] See, e.g., *Kirby* v. *Assessors of Medford*, 350 Mass. at 390-391. See also *Moscatiello* v. *Assessors of Boston*, 36 Mass. App. Ct. 622, 625-626 (1994).

*Judgment affirmed.*

[7]Deciding as we do on the basis of a strict construction of the statute, we do not accept the plaintiff's invitation to examine the policy question of whether putting creditors on notice is in fact the purpose of a filing requirement.