KATHLEEN P. DWYER, trustee,[1] *vs.* JOSEPH J. CEMPELLIN
& another.[2]

Suffolk. October 7, 1996. - December 23, 1996.

Present: WILKINS, C.J., ABRAMS, O'CONNOR, & FRIED, JJ.

*Real Property,* Homestead. *Statute,* Construction. *Public Policy.*

A joint declaration of homestead, recorded under G. L. c. 188, § 1, as
amended through St. 1979, c. 756, § 1, but before the amendment ef-
fected by St. 1983, c. 220, was valid, but only as to the declarant whose
signature appeared first. [29-31]

CERTIFICATION of questions of law to the Supreme Judicial
Court by the United States District Court for the District of
Massachusetts.

*Robert L. Holloway, Jr. (Stephen J. Drohosky* with him) for
the plaintiff.

*Gary S. Sackrider* for the defendants.

ABRAMS, J. The United States District Court for the
District of Massachusetts has certified two questions to this
court. See S.J.C. Rule 1:03, as appearing in 382 Mass. 700
(1981). The questions concern the proper construction of the
homestead statute, G. L. c. 188, § 1 (1994 ed.).

We summarize the agreed facts. In October, 1981, husband
and wife, Joseph J. Cempellin and Adele Cempellin (debtors),
and John Cempellin acquired a residence as joint tenants,
each holding an undivided one-third interest in the property.
On November 13, 1981, the debtors recorded a declaration of
homestead which they both had signed. In October, 1985,
John Cempellin conveyed his one-third interest to the debt-
ors, and they took title to his interest as tenants in common.
In 1994, the debtors filed a voluntary petition under Chapter
7 of the Bankruptcy Code. At the time of filing, the debtors

[1]Under Chapter 7 of the Bankruptcy Code for the debtors.
[2]Adele Cempellin, his wife.

held a one-third interest in the homestead as tenants in common and a two-thirds interest as joint tenants. The debtors claimed an exemption in their residence pursuant to the homestead statute, G. L. c. 188, § 1 (1994 ed.). The exemption excluded virtually all of the debtors' equity in their home from the bankruptcy estate.

Kathleen P. Dwyer, the Chapter 7 trustee for the debtors, objected to the debtors' claim in 1994 of a $92,000 homestead exemption. The trustee argued that the exemption was invalid because the debtors had filed in 1981 a *joint* declaration of homestead when the version of G. L. c. 188, § 1, in effect in 1981 unambiguously provided that "*only one* owner may acquire an estate of homestead in any such home for the benefit of his family" (emphasis added).[3] After a hearing, the Bankruptcy Court looked to the version of G. L. c. 188, § 1, which was in effect in 1994, at the time the debtors filed their Chapter 7 petition.[4]

The Bankruptcy Court judge determined that the statute was "internally inconsistent" because it used the words "owner or owners" in the first portion and a specific restriction to "only one owner" in a later paragraph. Relying on

---

[3]The homestead statute in effect in 1981 had been amended in 1977 and 1979. See St. 1977, c. 791, § 1, St. 1979, c. 756, § 1. In 1981, G. L. c. 188, § 1, provided, in relevant part, as follows: "An estate of homestead to the extent of fifty thousand dollars in the land and buildings may be acquired pursuant to this chapter *by an owner of a home*, or *one* who rightfully possesses premises by lease or otherwise, who has a family and occupies or intends to occupy said home as a principal residence; and such estate shall be exempt from the laws of conveyance, descent and devise and from attachment, levy on execution and sale for the payment of *his or her* debts or legacies . . . .

"For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, *that only one owner may acquire an estate of homestead in any such home for the benefit of his family*; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family." (Emphasis added.)

[4]In 1983, the Legislature again amended G. L. c. 188, § 1, expressly deleting language limiting eligibility for the exemption to a single declarant. See St. 1983, c. 220. Instead, it substituted the provision that an "estate of homestead . . . may be acquired . . . by an owner *or owners* of a home or one *or all* who rightfully possess the premise by lease or otherwise" (emphasis added). It left unchanged, however, the provision of the 1979 version of the statute specifying that "only one owner may acquire an estate of homestead in any such home for the benefit of his family."

Federal precedent, the Bankruptcy Court judge liberally construed the homestead exemption in favor of the debtors and concluded that, although Adele Cempellin's declaration of homestead was a "legal nullity," her husband's declaration was valid. The trustee appealed to the District Court for the District of Massachusetts, claiming the Bankruptcy Court judge erred by relying on a Federal rule of statutory construction.

The District Court concluded that the Bankruptcy Court judge should not have applied the Federal rule to liberally construe G. L. c. 188, § 1, reasoning that Federal law requires that Massachusetts law is to determine the scope of a State-created exemption. See *In re Miller*, 113 B.R. 98, 101 (Bankr. D. Mass. 1990) (Bankruptcy Court must rule on an issue of State law as it believes the highest State court would rule, or, if the issue has not been addressed, as it predicts the highest court would rule). The District Court judge noted the lack of guidance in Massachusetts cases[5] and determined that it was unable to make an informed prediction of how we would rule. Thus, pursuant to S.J.C. Rule 1:03, the District Court certified to this court the following two questions of State law:

> 1. Should the validity of a purported declaration of homestead under G. L. c. 188, § 1, recorded on November 13, 1981, be determined under the version of G. L. c. 188, § 1, in effect at the date of recording, or under the version of G. L. c. 188, § 1, in effect on August 22, 1994, the date on which the declarants' Chapter 7 bankruptcy petition was filed?

---

[5]The District Court judge observed: "The only pertinent commentary is a footnote in an opinion of the Appeals Court, *Atlantic Savings Bank* v. *Metropolitan Bank and Trust Co.*, 9 Mass. App. Ct. 286, 289-290 n.8 (1980), which observes in dicta that '[n]o Massachusetts case has been brought to our attention holding that a joint declaration can be construed as a valid declaration by one of the parties. Statute 1977, c. 791, § 1, rendered the statute gender neutral but provides that "only one owner may acquire an estate of homestead in any such home for the benefit of his (or her) family." ' "

The question whether a joint declaration of homestead made by husband and wife in a single instrument precludes even one of the homesteaders from validly acquiring the homestead estate was before the Appeals Court in *Atlantic Sav. Bank*, but the case was disposed of on other grounds. See *id.* at 289-290.

2. Should a purported joint declaration of homestead by husband and wife, recorded on November 13, 1981, be deemed invalid because of the requirement under G. L. c. 188, § 1, "that only one owner may acquire an estate of homestead in any such home for the benefit of his family," and if it is, is it invalid as to both filers?

The parties now agree correctly that the validity of the debtors' homestead declaration must be resolved under the version of G. L. c. 188, § 1, as amended through St. 1979, c. 756, § 1, in effect when the debtors recorded their declaration on November 13, 1981. See G. L. c. 188, § 10 (1994 ed.) ("All existing estates of homestead which have been acquired under any law heretofore in force shall continue to be held and enjoyed notwithstanding the repeal of such law"). See also *Dulanty* v. *Pynchon*, 6 Allen 510 (1863). The debtors further acknowledge that if their declaration was invalid under the law in effect when recorded, no subsequent amendments can validate it. Accordingly, we shall only decide the issue posed by the second certified question: whether a joint declaration of homestead by husband and wife was invalid under the 1979 version of the homestead statute.[6]

Although we have never addressed the appropriate standard for construing the homestead exemption, the overwhelming weight of authority in other jurisdictions is that homestead exemptions should be liberally construed in favor of debtors. See, e.g., *First Ala. Bank* v. *Renfro*, 452 So. 2d 464, 468 (Ala. 1984); *Matter of Bly*, 456 N.W.2d 195, 199 (Iowa 1990); *In re Martin*, 875 P.2d 417, 422 (Okla. 1994).

Homestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition. "The preservation of the home is of paramount importance because there the family may be sheltered and preserved." *First Ala. Bank, supra* at 468. "Public policy dictates that exemption laws, such as homestead provisions, should be liberally construed to comport with their beneficent spirit of protecting the family home." *In re Martin, supra* at 422.

The obvious legislative purpose of G. L. c. 188, § 1, is to protect the home from the claims of creditors for the benefit

[6]In their briefs, the parties raise additional arguments disputing the amount of equity protected. We do not reach this issue because that question was not certified to us.

of the homestead declarant and his or her family. We conclude that, in light of the public policy and the purpose of the statute, the State homestead exemption should be construed liberally in favor of the debtors.[7]

The 1979 version of G. L. c. 188, § 1, is internally consistent and unambiguously stipulates that only one owner may acquire an estate of homestead. From the language we infer that, if more than one owner claims an exemption in the same residence, only the first to record a valid declaration of homestead would receive homestead protection. Any subsequent recording would be entirely ineffective without a release of the first homestead claim. However, nowhere does the statute state that a declaration of homestead signed by two persons is invalid.

Indeed, the debtors' declaration of homestead fully complied with the express statutory requirements for acquiring a valid estate of homestead when it was recorded in 1981. See G. L. c. 188, § 2.[8] The document adequately identified the property at issue and contained a written declaration of intent to hold the property as a homestead. The document was signed and sealed, acknowledged, and recorded in the

---

[7]In arguing for a strict construction standard, the trustee cites *Assistant Recorder of the N. Registry Dist. of Bristol County* v. *Spinelli*, 38 Mass. App. Ct. 655 (1995). We note that in *Spinelli*, the Appeals Court derived a strict standard by relying on precedent which strictly construed a tax exemption, not a creditor exemption. See *id.* at 658-659, citing *Kirby* v. *Assessors of Medford*, 350 Mass. 386, 391 (1966). Tax exemptions release taxpayers from their obligation to bear their share of the cost of government and, in doing so, disturb the objective of equalizing the distribution of the tax burden. See *Animal Rescue League* v. *Assessors of Bourne*, 310 Mass. 330, 332 (1941). Thus, "[w]hile reasonable exemptions based upon various grounds of public policy are permissible, yet taxation is the general rule. . . . It is for this reason that statutes granting exemptions from taxation are strictly construed." *Id.*, and cases cited. In contrast, homestead exemptions help bankrupts and their families from becoming public charges. Accordingly, homestead exemption statutes should be construed liberally so as to carry out their underlying legislative purpose — to protect the family residence. See, e.g., *Burrows* v. *Burrows* 886 P.2d 984, 989 (Okla. 1994).

[8]In 1981, G. L. c. 188, § 2, provided as follows: "To acquire an estate of homestead, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated."

proper registry of deeds. The declaration of homestead confirms that Joseph Cempellin complied with each of these requirements, and by signing after her husband, Adele Cempellin complied with each of these requirements. Their declaration would be undisputedly valid if only one of them had signed it. The only aberration is that husband and wife signed the same document.

The homestead statute does not state that a second signature on the declaration renders the homestead claim invalid. In construing the homestead exemption, we think that we should apply the rule of liberal construction. We conclude that the debtors' declaration of homestead is valid under the 1979 version of G. L. c. 188, § 1, in effect in 1981, but only as to the person whose signature comes first, in this case, Joseph Cempellin. As the second declarant, Adele Cempellin could not acquire the exemption without a release of the first recorded declaration, and her signature is simply a legal nullity.

In sum, we answer the certified question as follows:

1. A joint declaration of homestead by husband and wife, recorded on November 13, 1981, is valid, but only as to the declarant whose signature appears first.