ROBERTA A. BOYLE *vs.* STEVEN WEISS, trustee in bankruptcy.

Suffolk. November 7, 2011. - February 16, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Trust,* Beneficiary. *Real Property,* Homestead. *Statute,* Construction, Amendment. *Words,* "Owner," "By lease or otherwise."

This court concluded that a holder of a beneficial interest in a trust that holds title to real estate and an attendant dwelling in which such beneficiary resides as a tenant at will does not acquire an estate of homestead in said land and building under G. L. c. 188, § 1. [521-526]

CERTIFICATION of a question of law to the Supreme Judicial Court by the United States Bankruptcy Court for the District of Massachusetts.

*Thomas F. Fleming* for the plaintiff.

*Steven Weiss* (*David K. Webber* with him) for the defendant.

BOTSFORD, J. In a proceeding under Chapter 7 of the United States Bankruptcy Code currently pending in the United States Bankruptcy Court for the District of Massachusetts, a question has arisen concerning the application of the Commonwealth's homestead protection statute, G. L. c. 188, § 1, as amended through St. 2004, c. 218, to a beneficiary of a trust. Finding no controlling precedent in our decisions, the Bankruptcy Court judge certified the following question to this court pursuant to S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981):

"May the holder of a beneficial interest in a trust which holds title to real estate and attendant dwelling in which such beneficiary resides acquire an estate of homestead in said land and building under G. L. c. 188, § 1?"[1]

---

[1]This court previously has interpreted S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981), to include certification of questions from the United States Bankruptcy Court, even though that court is not specifically mentioned in rule 1:03. See *Colonial Tavern, Inc.* v. *Boston Licensing Bd.*, 384 Mass. 372, 373 n.3 (1981).

Confining our answer to the 2004 version of the homestead statute,[2] we answer the certified question in the negative.

1. *Background.* The facts are undisputed. On July 16, 1990, Robert and Janet Boyle conveyed a property on Westview Road in Lowell, Massachusetts (Lowell property), consisting of land and a house, to one of their daughters, Maria A. Boyle, as trustee of the Westview Realty Trust (trust). The trust was established that same day under a declaration of trust filed and recorded in the Middlesex north district registry of deeds (registry). Robert Boyle and another daughter, the plaintiff Roberta Boyle (debtor), each hold fifty per cent of the beneficial interest in the trust. Robert Boyle succeeded Maria Boyle as trustee of the trust on May 22, 2009. The trust instrument does not reference the Lowell property or any other specific real estate, but it does give the trustee "full power and authority . . . to buy, deal in and manage real estate." The trust does not contain a spendthrift provision that would bar alienation of a beneficiary's interest to satisfy claims of creditors.

At all relevant times the debtor has lived in the house located on the Lowell property, apparently as a tenant at will of the trust[3]; it is her residence. On February 26, 2010, the debtor caused to be recorded in the registry a declaration of homestead in the Lowell property. Four days later, on March 2, she filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 301 et seq. (2006). Pursuant to 11 U.S.C. § 522(b)(3), in Schedule C of her bankruptcy filing, the debtor claimed an exemption for her "[b]eneficial interest in The Westview Realty Trust, which holds title to real property used as the [d]ebtor's [r]esidence." The bankruptcy trustee objected to the debtor's claim of the exemption, arguing that under Massachusetts law a trust beneficiary residing in property owned by the trust may not acquire a homestead estate. Thereafter, the Bankruptcy Court judge certified to this court the question quoted above.

---

[2]General Laws c. 188, § 1, as amended through St. 2004, c. 218, was revised in 2010. St. 2010, c. 395, § 1, effective March 16, 2011 (2010 act). We discuss the 2010 act *infra.*

[3]Roberta Boyle (debtor) describes herself as a tenant at will of the Westview Realty Trust (trust). The bankruptcy trustee does not dispute that characterization, and we accept it as true for purposes of answering the certified question.

2. *Discussion.* a. *Homestead statute: 2004 act.* The validity of the debtor's homestead declaration must be resolved under G. L. c. 188, § 1, as amended through St. 2004, c. 218 (2004 act), the version of the homestead statute in effect when she recorded her declaration. See *Dwyer* v. *Cempellin*, 424 Mass. 26, 29 (1996) (*Dwyer*). Section 1 of the 2004 act provided in relevant part:

> "An estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by [1] *an owner or owners of a home* or [2] *one or all who rightfully possess the premise by lease or otherwise* and who occupy or intend to occupy said home as a principal residence. . . . For the purposes of this chapter, an owner of a home shall include *a sole owner, joint tenant, tenant by the entirety or tenant in common . . . .*"

(Emphases added.) G. L. c. 188, § 1.[4]

The debtor urges this court to answer the certified question in the affirmative because under *Dwyer*, the homestead statute is to be construed liberally in favor of the party seeking its protections. See *Dwyer*, *supra* at 30 & n.7. She argues that under a liberal reading of the 2004 act she is entitled to the exemption because (1) she was an "owner" by virtue of her fifty per cent beneficial interest in the trust that (through the trustee) holds title to the property, and (2) as a tenant at will she "rightfully possess[ed] the premises by lease or otherwise."[5] We reject both these arguments, and conclude that even though the debtor resides in the Lowell property and uses it as her home, as the owner of a fifty per cent beneficial interest in the trust that holds title to the property but who does not direct or control the trustee, she cannot validly claim a homestead exemption for the property under the 2004 act.

---

[4]References to G. L. c. 188, § 1, in this opinion are to the statute as it appeared in St. 2004, c. 218 (2004 act), unless otherwise noted. See note 2, *supra.*

[5]The debtor argues also that the amendments to the homestead statute effected by the 2010 act among other things clarified that under the 2004 act, a trust beneficiary could acquire a homestead estate. We address this argument in Part 2 (b), *infra.*

(i) *Ownership.* The 2004 act provides that a homestead estate or interest can be acquired by an "owner," a term defined in that statute to mean "a sole owner, joint tenant, tenant by the entirety or tenant in common." As holder of a beneficial interest in the trust, the debtor is not an "owner" under the plain terms of this definition because she is not a sole owner, a joint tenant, a tenant by the entirety, or a tenant in common. Rather, by her own characterization, she is a tenant at will of the trust. As such, she holds no direct ownership interest in the Lowell property, and her ability to reside in it as her home is generally subject to termination within fourteen or thirty days of the trustee's service of a notice to quit. See G. L. c. 186, § 12.

The debtor also contends that her beneficial interest in the trust indirectly endows her with an ownership interest in all trust property, including the Lowell property. However, the express terms of the trust instrument defeat the claim. They direct the trustee to "hold the principal of [the] Trust[,] receive the income therefrom for the benefit of the beneficiaries, and . . . pay the income to the beneficiaries in proportion to their respective interests." Thus, while the trust is in existence, the trustee holds title to the principal of the trust, including the Lowell property, and the debtor's interest consists of the right to a share of any trust income that might be derived from the trust principal.[6] In substance, therefore, the debtor's beneficial interest in the trust is a personal property interest.[7] Moreover, the trust instrument vests in the trustee "full power and authority" to dispose of and encumber the trust property; the debtor, who is not a trustee and holds a fifty per cent (and therefore less than controlling) beneficial interest in the trust, has no power to direct the trustee to do anything with respect to the Lowell property or any other trust asset. Given the nature of the debtor's interest in the trust, she

---

[6]The trust instrument provides that if or when the trust is terminated, the trustee is to transfer and convey specific trust assets, including real property, to the trust beneficiaries according to their respective interests. The record contains no suggestion that the trust had been terminated at the time the debtor recorded her declaration of homestead.

[7]That the debtor's interest in the trust qualifies as one in personal property is also reflected in the fact that under the terms of the trust, she is entitled to sell her beneficial interest for any purchase price she might set, subject to a right of first refusal held by the other trust beneficiary or beneficiaries.

cannot fairly be characterized even indirectly as an "owner" of the Lowell property.[8]

(ii) *"Otherwise" clause.* The debtor argues also that even if she does not qualify as an owner of the Lowell property under the 2004 act, she was eligible to file a declaration of homestead because she rightfully possessed the property "by lease *or otherwise*" (emphasis added). G. L. c. 188, § 1. In her view, the quoted phrase encompasses her at-will tenancy.

In *Thurston* v. *Maddocks,* 6 Allen 427 (1863) (*Maddocks*), this court addressed the meaning of the phrase "by lease or otherwise" in the context of St. 1855, c. 238, § 1, an early iteration of the homestead statute.[9] The issue in that case was whether a bond to convey title by deed to a parcel of land, given by the owner of the parcel to his tenant, created a homestead interest in the tenant. The bond for a deed, by itself, provided the tenant with only an equitable interest in the parcel. The court rejected the argument that the clause in the 1855 homestead statute, "owned or rightly possessed by lease or otherwise,"[10] was broad enough to grant homestead protection to the holder of such an equitable title, and further noted that adopting the

---

[8]We do not mean to suggest that under the 2004 act, the beneficiary of a trust holding real property can never acquire an estate of homestead in real property held by that trust. There is merit in the reasoning set forth in decisions of the United States Bankruptcy Court that where legal and equitable interests in a trust merge in one person — as in the case of a nominee trust with a sole beneficiary and trustee — that person especially may be eligible to file a declaration of homestead with respect to a home that is owned by the trust and in which she resides. See *In re Szwyd,* 346 B.R. 290, 293 (Bankr. D. Mass. 2006), aff'd, 370 B.R. 882 (1st Cir. 2007). See generally Birnbaum, The Nominee Trust in Massachusetts Real Estate Practice, 60 Mass. L.Q. 364, 365 (1976). The trust at issue here, however, is distinctly different. The debtor is a beneficiary but not the trustee, and as a beneficiary, she does not have the power to direct or control the trustee's actions.

[9]Statute 1855, c. 238, § 1, provided in pertinent part that a homestead exemption was available for "the homestead farm or the lot and buildings thereon, occupied as a residence and owned by the debtor, or *any such buildings owned by the debtor and so occupied, on land not his own, but of which he shall be in rightful possession, by lease or otherwise.*"

[10]The court in *Thurston* v. *Maddocks,* 6 Allen 427 (1863) (*Maddocks*), appears to have misquoted St. 1855, c. 238, § 1, but the phrase the court did quote has virtually the same meaning as the actual language of the statute ("and owned by the debtor . . . of which he shall be in rightful possession, by lease or otherwise"). See note 9, *supra.*

tenant's argument would extend homestead protection "to tenancies at will, which would be absurd." *Id.* at 428.

Section 1 of G. L. c. 188 in the 2004 act, continues to use language that is substantively almost identical to the version of the homestead statute interpreted in the *Maddocks* case (see note 9, *supra,* and accompanying text), still referring to those who "rightfully possess the premise *by lease or otherwise*" (emphasis added). The Legislature is "presumed to be aware of the manner in which its statutes have been interpreted." *Commonwealth* v. *Wynton W.,* 459 Mass. 745, 751 (2011), citing *Commonwealth* v. *Vega,* 449 Mass. 227, 231-232 (2007). Although the homestead statute has been frequently amended, the continued use of this language suggests an acceptance of the judicial construction previously provided. See, e.g., *Canton* v. *Commissioner of the Mass. Highway Dep't,* 455 Mass. 783, 792 (2010), and cases cited; *Commonwealth* v. *Colturi,* 448 Mass. 809, 812 (2007).[11] Consequently, we conclude that the "by lease or otherwise" language contained in the 2004 act did not give the debtor, a trust beneficiary occupying her home as a tenant at will, the privilege of claiming a homestead exemption.[12]

---

[11]The *Maddocks* case is an old case. Within the much more recent past, however, the Appeals Court, in *Assistant Recorder of the N. Registry Dist. of Bristol County* v. *Spinelli,* 38 Mass. App. Ct. 655 (1995) (*Spinelli*), relied on *Maddocks* to conclude that under the version of the homestead statute at issue in that case — G. L. c. 188, § 1, as amended through St. 1992, c. 286, § 239, which is identical in all relevant respects to the 2004 act — did not permit a beneficiary of a trust who held an equitable interest in the property in question to acquire a homestead estate in it. *Id.* at 658-660. To the extent that the *Spinelli* case may suggest that even one who holds an interest in a property as the sole beneficiary of a Massachusetts nominee trust could not qualify for a homestead estate under the homestead statute, its reasoning may be subject to question, see note 8, *supra,* but the issue is not before us and we do not decide it. The point worth emphasis here is that although the homestead statute was amended several times between the date of the *Spinelli* decision and the enactment of the 2010 act — see St. 1995, c. 297, § 1; St. 2000, c. 174; St. 2004, c. 218 — the Legislature left unaltered the provision allowing a party "who rightfully possess[es] the premise by lease or otherwise" to acquire an estate of homestead. It was not until the 2010 act, discussed *infra,* that the Legislature amended the statute explicitly to allow holders of a beneficial interest in a trust to acquire an estate of homestead.

[12]We continue to follow the principle, as stated in *Dwyer* v. *Cempellin,* 424 Mass. 26, 30 (1996), that the State homestead exemption is to be interpreted liberally. However, we cannot stretch that principle in a manner that fundamentally ignores the words of the statute.

b. *Homestead statute: 2010 act.* Moving beyond the 2004 act, the debtor claims that the recent revision of the homestead statute, G. L. c. 188, as appearing in St. 2010, c. 395 (2010 act), served to clarify that under the 2004 act, a holder of a beneficial interest in real property may acquire a homestead estate in it. As indicated, see note 2, *supra*, the 2010 act went into effect on March 16, 2011, approximately one year after the debtor filed her homestead declaration. The 2010 act authorizes the "owner" of a home to file a homestead declaration, see G. L. c. 188, § 3, as appearing in St. 2010, c. 395, § 1, and defines "[o]wner" as "a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or *holder of a beneficial interest in a trust*" (emphasis added).[13]

A canon of statutory construction teaches that "an amendment to a statute presumably intends a change in the law." See *DiMarzo* v. *American Mut. Ins. Co.*, 389 Mass. 85, 102-103 (1983), and cases cited. At the same time, we have recognized that "[o]ften the Legislature may amend a statute simply to clarify its meaning." *Id.* at 103. However, "[t]he extent to which an amendment may properly be used to aid in the interpretation of the original statute turns on circumstances." *Id.* The debtor has not identified any statutory language or legislative history suggesting that the 2010 act's amendment of "[o]wner" was intended as a mere clarification, and we have found none in our own review. By its terms, the 2010 act expanded the definition of "[o]wner" to include two additional classes of persons: holders of life estates and holders of beneficial interests. These additions are very different in concept from the types of interests included within the 2004 act's definition of "owner."[14] Given this fact, we interpret the latter act as substantively changing and expanding the class of persons eligible to benefit from the homestead

[13]The 2010 act also grants an "[a]utomatic homestead exemption" of $125,000, but an owner filing a written declaration of homestead can receive an exemption of $500,000. See G. L. c. 188, § 1, as appearing in St. 2010, c. 395, § 1.

[14]The 2004 act included "a sole owner, joint tenant, tenant by the entirety or tenant in common" within its definition of "owner." G. L. c. 188, § 1. A joint tenant, tenant by the entirety, or tenant in common holds a direct ownership interest in the property in question. That is not true of the holder of a life estate interest or, as a general matter, one holding a beneficial interest.

exemption statute. Cf. *Bellows Farms, Inc.* v. *Building Inspector of Acton*, 364 Mass. 253, 258 (1973) ("The difference between the earlier [1960] and the later [1963] versions of this part of [G. L. c. 40A,] § 7A is obvious and significant. This is not a case of using different language to convey the same meaning").[15] The changes to the homestead statute reflected in the 2010 act offer no support for the debtor's claim of entitlement to a homestead exemption under the 2004 act.

3. *Conclusion.* For the reasons stated, we answer the certified question in the negative. The Reporter of Decisions is directed to furnish attested copies of this opinion to the clerk of this court. The clerk in turn will transmit one copy, under the seal of the court, to the clerk of the United States Bankruptcy Court for the District of Massachusetts, as the answer to the question certified, and will also transmit a copy to each party.

---

[15]It is also the case that under G. L. c. 188, § 5 (*a*) (4), as appearing in St. 2010, c. 395, § 1, a homestead declaration must be executed by the trustee of a trust; a beneficiary is not authorized to do so. Consequently, even if the provisions of the 2010 act were to apply to the debtor's homestead declaration, the declaration would have been invalid because it was not executed by Robert Boyle, the sole trustee of the trust. The debtor relies on language in St. 2010, c. 395, § 3, providing that existing estates of homestead continue to remain in full effect notwithstanding their failure to comply with the law's execution requirements, to argue that her declaration was exempt from the § 5 (*a*) (4) execution requirement. However, as correctly noted by the bankruptcy trustee, because the debtor's homestead declaration was not valid when recorded initially, it cannot be deemed to have been "in effect on the effective date of [the 2010 act]."